# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**SCOTT ARTHUR JENSEN and KATHERINE ANN JENSEN,**<br><br>Debtors. | Case No. 18-00369-TLM<br><br>Chapter 7 |

# SUMMARY ORDER

On April 25, 2019, the Chapter 7 trustee filed an Objection to Proof of Claim No. 14 Filed by the Internal Revenue Service. Doc. No. 81 ("Objection"). No responses were filed, however, the Court cannot enter an order sustaining the Objection on the record before it. Trustee's certificate of service, attached to the Objection, shows the Objection was served on Debtors, American Express Bank, Robert D. Long and PRA Receivables Management, Inc. Doc. No. 81 at 4. The Internal Revenue Service ("IRS") is not listed on the certificate of service. However, the Objection itself begins with:

TO:   INTERNAL REVENUE SERVICE
      Attn: Maryann Proestakis
      178 South Rio Grande St.
      Mail Stop 5021
      Salt Lake City, UT 84101

Assuming the Objection was actually served on the IRS at this address, there are still impediments to sustaining the objection. This Court has long held that objections to claims are contested matters that require service that complies with Fed. R. Bankr. P. 7004. *See In re Egan*, 2002 WL 33939672 (Bankr. D. Idaho Nov. 8, 2002). In addition,

SUMMARY ORDER - 1

Fed. R. Bankr. P. 3007(a)(2) now expressly dictates the manner of service required for objections to claims and states:

> (2)  Manner of Service
>
> (A)  The objection and notice shall be served on a claimant by first-class mail to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated; and
>
> (i)  if the objection is to a claim of the United States, or any of its officers or agencies, in the manner provided for service of a summons and complaint by Rule 7004(b)(4) or (5)[.]

*See also In re Nicolaus*, 2018 WL 799152 (Bankr. N.D. Iowa Feb. 8, 2018) (analyzing Rule 3007 prior to its amendment effective December 1, 2017, and concluding that both before and after amendment, service of an objection to claim on the IRS was required to satisfy Rule 9014 and Rule 7004).

In this case, assuming Trustee served the IRS at all, Trustee did not demonstrate Rule 7004 compliant service.  Therefore, based on a review of the record and good cause appearing,

IT IS HEREBY ORDERED that the Objection, Doc. No. 81, is OVERRULED without prejudice to the filing and proper service of a new objection.

DATED:  September 16, 2019



_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

SUMMARY ORDER - 2